IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN VONDRAK,

        Plaintiff,

vs.                                                                 No. CIV-05-0172 JB/LFG

CITY OF LAS CRUCES, POLICE OFFICER,
CINDY MCCANTS and NATHAN KRAUSE
Individuals and employees of the Las Cruces Police
Department, and CITY OF LAS CRUCES,

        Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Motion to Continue and Complete Depositions of Police Officers McCants and Krause and to Compel Production of the McCants' Memo Book, filed March 3, 2009 (Doc. 139).  After reviewing the briefing, the Court has determined that it has sufficient information to rule without a hearing.  The primary issues are: (i) whether the Court should issue an order directing Defendant Police Officers, Cindy McCants and Nathan Krause, to attend and to complete their depositions on a date that the Court will determine; and (ii) whether the Court should order the Defendants to provide Plaintiff John Vondrak with McCants' last known address and all memorandum book entries made to document Vondrak's encounter with the police at the DUI checkpoint and thereafter.  Because Vondrak did not have the opportunity to cover certain relevant areas in the previous depositions, the Court will allow limited depositions of Officers McCants and Krause on the excessive force claim and on the Defendants' expert report.  The Court will also order production of McCants' memo notebook.  The Court will not, however, allow Vondrak to ask the deponents about the extended detention claim, the illegal

arrest claim, or the memo notebooks at this time.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 13, 2009, the parties participated in a scheduled settlement conference, but the case was not resolved.  See id. ¶ 6, at 2.[1]  The day before the settlement conference, Vondrak was informed that McCants had left the Las Cruces Police Department and could not be located.  Krause was also absent from the mediation, although the reason for his absence is disputed.  Vondrak asserts that Krause was excused from attending the mediation because he no longer works at the Las Cruces Police Department, because he now lives in another state, and because he was not the arresting officer.  See Motion ¶ 7, at 2.  The Defendants, on the other hand, state that Krause was excused, not because he was the back-up officer, but because he now lives in Montana and it would be unreasonable to require his attendance when City officials would end up paying any settlement that would have occurred.  See Defendants' Response to Plaintiff's Motion to Continue and Complete Depositions of Police Officers McCants and Krause and to Compel Production of the McCants' Memo Book, filed March 17, 2009 (Doc. 153).

The facts giving rise to this lawsuit are largely set forth elsewhere.  See Vondrak v. City of Las Cruces, 535 F.3d 1198, 1200-03 (10th Cir. 2008); Memorandum Opinion and Order at 2-7, filed May 14, 2007 (Doc. 80("MOO"). As relevant to this motion, both McCants and Krause were deposed at the qualified immunity stage of the case.  McCants' deposition took place August 18, 2005 and Krause's deposition took place August 19, 2005.  Vondrak represents that, because the Court initially limited discovery to the Defendants' qualified immunity defense, the depositions were limited in scope to immunity issues.  See Motion  ¶¶ 2-3, at 1.

---

[1] Although Vondrak states in his motion that the settlement conference was held February 13, 2003, the Court notes that this date must be a typographical error.

Vondrak now moves the Court to issue an order to resume the depositions of McCants and Krause.  He also asks the Court to compel the production of all of McCants' memorandum book entries related to her encounter with Vondrak.  <u>See</u> Motion ¶¶ 9-10, at 2.  He contends that he is entitled to the depositions because the Court's order limiting discovery to qualified immunity issues also imposed a limit on the scope of the depositions.  Now that the qualified immunity stage is over, Vondrak wants to resume the depositions, which he represents were not formally closed, so that he can cover the remaining issues in this case.  <u>See</u> <u>id.</u>

The Defendants respond that there were no limitations placed on the depositions of McCants and Krause.  <u>See</u> Defendants' Response to Plaintiff's Motion to Continue and Complete Depositions of Police Officers McCants and Krause and to Compel Production of the McCants' Memo Book at 1, filed March 17, 2009 (Doc. 153)("Response").  The Defendants also contend that McCants already provided the portions of her memo book related to the incident at issue before the deposition and that, contrary to Vondrak's representations, McCants did not admit at her deposition that she kept her memo book or that there were two pages referring to the incident in her book.  <u>See</u> Response at 3.

The Defendants also maintain that the memorandum notebook and the depositions related to the memorandum notebook are irrelevant, because the memorandum notebook covers the arrest and the illegal-arrest claim has been dismissed.  <u>See</u> <u>id.</u>  Furthermore, the Defendants contend that Krause has already testified that he did not take notes related to the encounter with Vondrak in his memo book.  Finally, the Defendants allege that Vondrak seeks to compel matters that were not formally requested in discovery.  <u>See</u> Response at 1.  Specifically, the Defendants argue that Vondrak fails to cite any Request for Production regarding the entire notebook.  <u>See</u> <u>id.</u> at 4.

In reply, Vondrak contends that the Tenth Circuit opinion did not render his requested

depositions irrelevant because he is alleging a violation of his constitutional rights for the extended detention he suffered after breath tests produced a 0.00 blood-alcohol content reading. See Reply to Defendants' Response to Motion to Continue and Complete Depositions of Police Officers and Compel Production of the McCants' Memo Book ¶ 6 (a), at 3, filed March 23, 2009 (Doc. 157). Vondrak also insists that, at the time of the first deposition, he had no need to depose McCants about the extended detention because the deposition and the pleading focused on probable cause for arrest.[2] See id. ¶ 6(b), at 3.

Vondrak also argues that he should be allowed to depose McCants and/or Krause on issues raised in the Defendants' police procedures expert report. See id. ¶ 6(d), at 4. According to Vondrak, he originally hired a police procedures expert and filed that expert's report with the papers he submitted in opposition to the Defendants' motion for summary judgment. Vondrak contends that, because the Defendants recently hired a police procedures expert to contest his expert's findings, and because the Defendants' expert report is based on hearsay which could only be obtained from an interview with McCants and/or Krause, he should be permitted to depose both officers. See id.

Vondrak argues that he learned only recently that McCants is no longer employed with the Las Cruces Police Department, and that he does not know whether McCants resigned or was fired. See id. ¶ 6 (e), at 4. Vondrak insists that, if McCants was fired, the reason for her termination might lead to evidence that is relevant to this lawsuit. See id. Vondrak believes a deposition of McCants might allow him to explore that issue. See id.

---

[2] Although Vondrak uses the phrase "proximate cause for arrest," the Court understands this phrasing to be an error, and that Vondrak meant to say "probable cause for arrest."

## ANALYSIS

The Court believes Vondrak is entitled to limited depositions of McCants and Krause to cover areas which are relevant to claims that have not been dismissed and which he did not have the opportunity to cover in the earlier deposition. Specifically, Vondrak should be allowed to depose McCants and Krause about issues related to his excessive force claim and about the Defendants' expert report. It is not yet clear whether Vondrak should be able to also ask more questions regarding the memorandum notebook that he currently requests. The Court will order the Defendants to produce McCants' memorandum notebook and, if Vondrak finds information he believes is relevant to live issues in this case, he may approach the Court – after good faith discussions with the Defendants' counsel to see if the issue can be resolved without court intervention – and seek leave to ask questions about that information in the depositions if necessary.

For other issues, such as the extended detention claim and anything relating to the illegal arrest, the Court will not allow Vondrak to seek further deposition testimony. Those claims have been dismissed. Questions regarding those claims would therefore not be relevant to any claim or defense at issue in the case.

## I.   VONDRAK IS ENTITLED TO LIMITED DEPOSITIONS OF MCCANTS AND KRAUSE TO MORE FULLY INVESTIGATE THE EXCESSIVE-FORCE ISSUES.

The Court understands Vondrak to be requesting the opportunity to depose McCants and Krause regarding the excessive-force issues, in addition to the extended-detention claim, which the Court has precluded him from adding to his Complaint. See Memorandum Opinion and Order at 17, entered March 26, 2009 (Doc. 170). Vondrak also wishes to cover factual issues related to the Defendants' expert report. Finally, Vondrak seeks to depose McCants and Krause regarding the memorandum notebooks. Vondrak is entitled to limited depositions of McCants and one of Krause

-5-

on excessive force and on the expert report.

Contrary to the Defendants' representations in their Response to this motion that there were not limits on the scope of the deposition, discovery was limited to qualified immunity issues. At the initial scheduling conference, the Court restricted discovery to issues relevant to the Defendants' qualified immunity defense. See Transcript of Initial Scheduling Conference at 13:8-20 (taken April 22, 2005)(Court)("Tr.").[3]   Towards the end of McCants' deposition, Vondrak's counsel indicated that he wanted to temporarily suspend the deposition with the understanding that he would ask to resume the deposition to cover issues related to the then-unproduced memorandum notebook. See Exhibit A to Response, Deposition of Officer Cindy McCants at 125:17-21 (taken August 18, 2005)("McCants Depo."). Counsel for the Defendants stated that he would object and noted that "this is still discovery limited to qualified immunity." Id. at 126:12-13. In other words, the Defendants appeared to recognize, at the time of the original depositions, that the depositions were limited to qualified immunity. The Defendants are therefore on shaky ground to now assert that there were no limitations on what Vondrak could cover in the original depositions.

Vondrak may have been able to ask some questions relating to his excessive force claim even though he had to stay within the realm of qualified immunity. At the same time, the Court can imagine other lines of questioning on excessive force – such as questions going to damages – that he could not pursue under then-existing limitations on discovery. Vondrak should be allowed to explore those areas in two limited depositions of McCants and Krause, with the understanding that Vondrak is not receiving license to retrod old ground.

The Court also believes that, in the interest of fairness, Vondrak should be permitted to ask

---

[3] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

McCants and Krause about issues raised in the Defendants' police procedures report.   The Defendants only recently hired a police procedures expert four years after Vondrak's expert submitted findings and conclusions.  At least some of the Defendants' expert report may be based on interviews with McCants and/or Krause.  Vondrak should be able to cover this in a deposition.

## II.      DEPOSITION TESTIMONY ABOUT THE EXTENDED-DETENTION CLAIM IS UNNECESSARY BECAUSE THE TESTIMONY WOULD NOT BE RELEVANT AT THIS STAGE.

In a previous Memorandum Opinion and Order, which was not available to Vondrak at the time he filed this motion, the Court denied Vondrak's request for leave to add his extended-detention claim.  Given that Court did not allow Vondrak to add the extended detention claim, there is no need for deposition testimony on that claim.  Similarly, Vondrak should not be able to seek further discovery on the illegal arrest claim, given that the Tenth Circuit has issued an order which, combined with this Court's earlier rulings, indicates that there was probable cause for the arrest.

## III.     THE MEMORANDUM NOTEBOOKS THAT VONDRAK REQUESTS ARE NOT LIKELY TO BE RELEVANT TO THE REMAINING ISSUES IN THIS CASE.

Vondrak contends that the Defendants should produce the memorandum notebooks that McCants and Krause kept.  The Defendants represent that the only portions of the memorandum notebooks relevant to the incident with Vondrak relate to the arrest.  Moreover, the Defendants maintain that they have already produced all relevant portions of McCants' memorandum notebook. See McCants Depo. at 111:4-16; Exhibit B to Response, Deposition of Officer Nathan Krause at 11:15-17 (taken August 19, 2005)("Krause Depo.")(testifying that he "didn't keep any notes on my memo book for this incident").

Krause has stated under oath that he did not make a memorandum notebook entry on the encounter.  The Court instructs Krause's counsel to confirm that there are no relevant entries.  If

there are none, Krause's attorney should send a written response, filed under rule 11 of the Federal Rules of Civil Procedure, that no entry deals with Vondrak.

It appears that McCants' memorandum notebook contains such an entry, that it exists, and that it was, at some point in time, in the Defendants' custody. Without seeing the memorandum notebook, however, it is not possible to know how much of it is relevant to this case. It is possible that the memorandum notebook contains relevant, discoverable material.

While the Defendants produced one page, the record is not clear whether there were more pages containing discoverable information. The Court believes Vondrak should be allowed to review the memorandum notebook as he has requested.

Rule 26 of the Federal Rules of Civil Procedure provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). Vondrak wants the memorandum notebook, but he also wants to elicit deposition testimony based on what he finds in the memorandum notebook. At this stage, without knowing what the notebook contains, it is difficult to say whether it contains anything relevant to claims or defenses still at issue. If it does, and the Defendants do not willingly allow questions about the memorandum notebook, Vondrak may seek leave from the Court to go into those areas in the depositions.

In conclusion, the Court believes Vondrak is entitled to conduct a limited deposition of McCants and Krause to cover areas that are relevant and which he was not able to cover in the

previous depositions because discovery was limited to qualified immunity issues.  The Court will also require the Defendants to produce McCants' memorandum notebook.  If the memorandum notebook contains entries relevant to claims or defenses that are alive in this case, and the Defendants do not allow Vondrak to question McCants and or Krause about the memorandum notebook, Vondrak may approach the Court about deposing McCants and/or Krause on those entries.

**IT IS ORDERED** that the Motion to Continue and Complete Depositions of Police Officers McCants and Krause and to Compel Production of the McCants' Memo Book is granted in part and denied in part.  The Court will allow limited depositions of Defendants Cindy McCants and Nathan Krause on the excessive-force claim and on the Defendants' expert report.  The Court will also order production of McCants' memorandum notebook.  The Court will not, however, allow Vondrak to ask the deponents about the extended detention claim, the illegal arrest claim, or the memorandum notebooks at this time.  If, after receiving McCants' memorandum notebook, Vondrak finds information he believes should be covered in the depositions, and the Defendants do now allow Vondrak to question McCants and/or Krause about the entries, he may reapproach the Court.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Barry J. Byrnes
Las Cruces, New Mexico

*Attorney for the Plaintiff*

Harry S. Connelly, Jr.
  Deputy City Attorney for the
    City of Las Cruces
Las Cruces, New Mexico

-- and --

William L. Lutz
David P. Lutz
Martin, Lutz, Roggow, Hosford & Eubanks, P.C.
Las Cruces, New Mexico

*Attorneys for Defendants City of Las Cruces, Cindy McCants,
  and Nathan Krause*