IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN VONDRAK,

    Plaintiff,

vs.                                                               No. CIV-05-0172 JB/LFG

CITY OF LAS CRUCES, POLICE OFFICER,
CINDY MCCANTS and NATHAN KRAUSE
Individuals and employees of the Las Cruces Police
Department, and CITY OF LAS CRUCES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Defendant Cindy McCants' and Nathan Krause's Motion to Dismiss Official Capacity Claims, filed March 10, 2009 (Doc. 143); and (ii) Plaintiff John Vondrak's Motion to Amend Caption (If Necessary), filed March 16, 2009 (Doc. 149). A thorough review of the briefing convinces the Court that it has sufficient evidence to rule without a hearing. The primary issues are: (i) whether the Court should dismiss the official-capacity claims brought against Defendants Police Officer Cindy McCants and Police Officer Nathan Krause "as employees of the Las Cruces Police Department;" and (ii) if the Court grants the Defendants' Motion, whether it should allow Vondrak to amend the caption. Because naming both a municipality and its municipal officers in their official capacity in a 42 U.S.C. § 1983 suit is redundant, the Court will dismiss the official capacity claims. Because McCants and Krause will remain in the lawsuit in their individual capacity, the Court will also grant the motion to amend the caption to reflect that they are not being sued as employees of the Las Cruces Police Department.

**BACKGROUND**

The facts leading up to this lawsuit are largely set forth elsewhere. See Vondrak v. City of Las Cruces, 535 F.3d 1198, 1200-03 (10th Cir. 2008); Memorandum Opinion and Order at 2-7 (entered May 14, 2007)(Doc. 80)("MOO").  In his case caption, Vondrak names the City of Las Cruces, and he names McCants and Krause as individuals and employees of the Las Cruces Police Department.  At this time, the Defendants move to dismiss Vondrak's official capacity claims against McCants and Krause.  In support of their motion, the Defendants maintain that "[t]he law is well settled that an action under 42 U.S.C. § 1983 is proper against a local governmental entity by naming either the entity itself, or by naming the entity's official in his or her official capacity. Naming either is sufficient.  Naming both is redundant."  Motion at 1 (citing Stump v. Gates, 777 F. Supp. 808, 816 n.3 (D. Colo. 1991), aff'd, 986 F.2d 1429 (10th Cir. 1993)(table)).

Vondrak responds that the motion to dismiss is untimely, because it comes four years after the Complaint was filed.  See Response Defendant [sic] Cindy McCants' and Nathan Krause's Motion to Dismiss Official Capacity Claims, filed March 13, 2009 (Doc. 149)("Response"). Vondrak also maintains that the caption and pleadings make it clear that is suing McCants and Krause in their individual capacity.  He argues that the references in the caption to their status as employees of the Las Cruces Police Department should not warrant the filing of a motion to dismiss. See Response at 2.  Vondrak also notes that the Las Cruces Police Department is not named in the lawsuit and that the officers are no longer employees of the Las Cruces Police Department.  See id.

Vondrak cross-moves to amend the pleading caption if the Court is inclined to grant the Defendant's motion.  Although he does not clearly state so, the Court assumes that the amendment Vondrak proposes would be to remove the reference to "employees of the Las Cruces Police Department."  Response at 2.

The Defendants wrote a letter to Vondrak in which they indicated their belief that there was no real dispute on the question of official capacity claims. See Letter from David P. Lutz to Barry J. Byrnes at 1, dated March 20 2009 (Doc. 166-2). Accordingly, the Defendants proposed two draft orders to Vondrak – one order to grant Vondrak's Motion to Amend Caption, and another order denying as moot the Defendants' Motion to Dismiss Official Capacity Claims. See March 20, 2009 Letter at 1.

Vondrak rejected the Defendants' proposal. Vondrak's counsel wrote to the Defendants' counsel, registering his disagreement with the proposed order to amend the caption. See Letter from Barry J. Byrnes to David P. Lutz at 1, dated March 21, 2009 (Doc. 166-3). Vondrak's counsel stated: "I believe your official capacity motion should be denied because it is untimely and lacks merit. I made the motion to amend caption only **if necessary**." Id. (boldface in original).

## ANALYSIS

The Court will grant the Defendants' motion. The Defendants' motion to dismiss is not, as Vondrak contends, untimely. The Court set the pretrial motions deadline for March 10, 2009. See Order at 1, entered January 9, 2009 (Doc. 134). The Defendants filed this motion on March 10, 2009 – the last day for filing such motions. Moreover, nothing in the Federal Rules of Civil Procedure prohibits this motion at this stage of the case.

The Court is persuaded that the proper course of action is to dismiss the official capacity claims against McCants and Krause. In Stump v. Gates, the United States Court for the District of Colorado stated:

> [A] § 1983 action appropriately is pleaded against a municipality either by naming the municipality itself or by naming a municipal official in his or her official capacity. Will v. Michigan Dept. of State Police, 491 U.S. 58 . . . (1989); Kentucky v. Graham, 473 U.S. 159, 166 . . . (1985); Brandon [v. Holt], 469 U.S. [464,] 471-72 [(1985)] . . . ; Monell [v. Department of Social Services of City of New York], 436

>U.S.[658,] 690 n. 55 [(1978)] . . . . Naming either is sufficient. Naming both is redundant.

777 F.Supp. at 816 n.3. The United States Court of Appeals for the Tenth Circuit affirmed the district court without criticizing or otherwise commenting on this statement of the law. See Stump v. Gates, 986 F.2d 1429, *3.

According to the analysis in Stump v. Gates, McCants and Krause should not be defendants in their official capacity where the municipal entity – the City of Las Cruces – is already named as a defendant. The Court will therefore dismiss any claims against them in their official capacity. The claim against the City of Las Cruces accomplishes what a claim against the officers in their official capacity would accomplish. The addition of McCants and Krause in their official capacity is redundant.[1]

The dismissal of official capacity claims does not appear to have any practical effect on this case. The Defendants have not contended that McCants and Krause cannot be sued in their

---

[1] While an argument could be made that leaving redundant allegations in a case does not harm matters, and that courts should not expend their resources eliminating redundancy, the law allows removal of redundant allegations and issues in similar contexts. See Fed. R. Civ. P. 12(f)("The court may strike from a pleading an insufficient defense or any redundant . . . matter."). There is no sound reason to allow plaintiffs to eliminate redundant material in the pleadings but not defendants. "[G]enerally, courts will strike a claim as 'redundant' when it essentially repeats another claim in the same complaint." 2 J. Moore, Federal Practice § 12.37[3], at 12-129 to 12-130 (3d ed. 2008). Although the Defendants have not brought a motion to strike, their motion to dismiss seeks to do something similar: it seeks the dismissal of claims, because a 42 U.S.C. § 1983 lies against either a municipality or its officers in their official capacity – not against both the municipality and the officers in their official capacity. Such claims are redundant, and one or the other suffices. The provision in the Federal Rules of Civil Procedure for courts to strike redundant claims is evidence that, while redundancy in pleadings may be harmless, the rule-makers thought eliminating redundancy in pleadings to be sufficiently important to include a mechanism for courts to do so, either upon motion, or *sua sponte*. See Fed. R. Civ. P. 12(f) ("The court may act . . . on its own; or . . . on motion made by a party . . . ."). There is no sound reason to allow the official-capacity claims to remain, given the case law indicating that, where the municipality is already named as a defendant, such claims are redundant.

individual capacities.  This appears to be the result that Vondrak ultimately hopes to preserve. Vondrak argues that the Court should deny the motion to dismiss partly because McCants and Krause are no longer employed with the Las Cruces Police Department.[2]  While this argument does not meet the case law standing for the proposition that naming both a municipality and a municipal officer in his or her official capacity is redundant, it underscores that Vondrak does not want to see claims entirely dismissed against McCants and Krause.  In other words, he wants them to remain as named defendants in the lawsuit.  A dismissal of official-capacity claims against McCants and Krause will not remove them from the case.

Given that McCants and Krause will remain in the case without official-capacity claims against them, the Court believes it is appropriate to grant Vondrak's motion to amend the caption. In the motion to amend caption, Vondrak asked the Court to amend the caption – presumably to delete the reference to McCants and Krause as employees of the Las Cruces Police Department from the caption – if the Court decided to grant the Defendants' motion to dismiss official capacity claims.  The Court will grant that motion and allow Vondrak to amend the caption in such a fashion.

**IT IS ORDERED** that Defendant Cindy McCants' and Nathan Krause's Motion to Dismiss Official Capacity Claims is granted and that the Plaintiff John Vondrak's Motion to Amend Caption (If Necessary) is also granted.  The Court will dismiss official capacity claims against Defendants Cindy McCants and Nathan Krause and will allow Vondrak to amend the caption to remove references to McCants and Krause as employees of the Las Cruces Police Department.

---

[2] It is likely this will be brought out at trial.  No party has pointed out that this fact has any practical or legal importance, and the Court cannot think of any impact this fact will have on the proceedings.

                                                                      _____
                                                                      UNITED STATES DISTRICT JUDGE

*Counsel:*

Barry J. Byrnes
Las Cruces, New Mexico

      *Attorney for the Plaintiff*

Harry S. Connelly, Jr.
  Deputy City Attorney for the
    City of Las Cruces
Las Cruces, New Mexico

-- and –

William L. Lutz
David P. Lutz
Martin, Lutz, Roggow, Hosford & Eubanks, P.C.
Las Cruces, New Mexico

      *Attorneys for Defendants City of Las Cruces, Cindy McCants,*
        *and Nathan Krause*