IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN VONDRAK,

    Plaintiff,

vs.                                                                                           No. CIV-05-0172 JB/LFG

CITY OF LAS CRUCES, POLICE OFFICER,
CINDY MCCANTS and NATHAN KRAUSE
Individuals and employees of the Las Cruces Police
Department, and CITY OF LAS CRUCES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion for Continuance, filed March 10, 2009 (Doc. 144)("Motion"). The Court held a hearing on March 30, 2009. The primary issue is whether the Court should vacate the April 13, 2009 trial date and allow more time to complete discovery. Because the Court believes the parties have sufficient time to prepare for trial, given the short deadlines the Court has imposed upon Plaintiff John Vondrak to produce the discovery and deposition dates that the Defendants are seeking, and because the Court denied Vondrak's motion to amend, the Court will deny the motion for a continuance. Because, however, all parties in the civil case want a firm setting rather than to remain on the Court's April 13, 2009 trailing docket, and because the Court has at least one criminal case that is likely to go first on that trailing docket, the Court will grant the parties' request for a firm setting and set the matter for trial on August 24, 2009 through August 28, 2009.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts leading up to this lawsuit are largely set forth elsewhere. See Vondrak v. City of

Las Cruces, 535 F.3d 1198, 1200-03 (10th Cir. 2008); Memorandum Opinion and Order at 2-7, entered May 14, 2007 (Doc. 80)("MOO").  Briefly, Vondrak has sued for civil-rights violations arising from his arrest for driving under the influence.  The case is the oldest one on the Court's docket.  Vondrak filed his original Complaint on February 16, 2005.  See Complaint, filed February 16, 2005 (Doc. 1).  This case is set for trial on April 13, 2009.

      The Defendants state that, in many respects, this motion is derivative of their Motion to Compel and for Determination of Objections, filed March 3, 2009 (Doc. 141).  In the motion to compel, the Defendants raised various objections that Vondrak has made to discovery requests.  See id. at 5-7.  The Defendants also asked for the Court's intervention in a dispute about setting deposition dates.  See id. at 7-9.  Anticipating that the Court would grant their motion to compel with respect to the majority of the requests, the Defendants contended that the additional discovery that the Court might order will require time, and that they will be disadvantaged if they are required to go to trial without having the benefit of the discovery they seek and to which the believe they are entitled.  See Motion at 1-2.

      The Defendants also point out that, at the time of filing of this Motion, Vondrak had a pending motion to amend.  The Defendants opposed that motion.  Nevertheless, they argue that, as a matter of fundamental fairness, the Court should continue the trial if it allows Vondrak to add another claim.  See Motion at 2.

      Vondrak responds that the Defendants waited until the eve of trial to assert the need for additional discovery.  See Response to Defendants' Motion for Continuance, filed March 16, 2009 (Doc. 151)("Response").  Vondrak notes: "Defense counsel had four (4) years to serve its interrogatories and schedule additional depositions."  Response at 1.  Vondrak also argues that his motion to amend the complaint, if granted, would not affect the Defendants' ability to prepare for

trial because the amended complaint raises no new factual issues.

In their reply, the Defendants argue that one reason discovery has been delayed is that the Defendants agreed to a lengthy extension of the discovery deadline to accommodate a medical emergency that Vondrak's counsel suffered.  See Defendants' Reply in Support of Motion for Continuance, filed March 26, 2009 (Doc. 167)("Reply").  The Defendants also contend that they could not immediately engage in discovery early in the case because the Court limited discovery to the issue of qualified immunity.

At the hearing, the Court indicated to the parties that it was inclined to deny the motion.  See Transcript of Hearing at 14:23-25 (taken March 30, 2009)(Court)("Tr.").[1]  Although inclined to deny the motion, the Court also apprised the parties of the possibility that it might become necessary to move the trial date because it had agreed to try a case for another judge in the District who was about to undergo some medical procedures.  The Court expressed a willingness to wait a few days to see what its trial schedule looked like in August before moving the trial, but all parties expressed a desire for a firm setting if the Court would not try the case on April 13, 2009.  The Court could not, on March 30, 2009, commit to try the case on April 13, 2009, which had two other cases scheduled at the same time as this case.  See id.

## ANALYSIS

The Court does not believe a continuance is necessary in this case.  Although trial is quickly approaching, the Court believes the Defendants will have sufficient time to prepare.  "A motion for continuance is addressed to the sound discretion of the court, and a refusal to grant the motion is not subject to review unless the court abuses its discretion."  United States v. Harris, 441 F.2d 1333,

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

1336 (10th Cir. 1971). "A trial judge's decision to deny a motion for a continuance constitutes an abuse of discretion only if the denial was arbitrary or unreasonable and materially prejudiced the [defendant]." United States v. Rivera, 900 F.2d 1462, 1475 (10th Cir. 1990) (internal quotation marks omitted).

The Court is sensitive to the Defendants' concern about the progress of discovery. After the Defendants filed this motion, however, the Court entered a Memorandum Opinion and Order compelling Vondrak to produce much of the discovery that the Defendants sought in their motion to compel. The Court has also ordered Vondrak to set dates for depositions. Vondrak has short and strict deadlines to comply with the Court Memorandum Opinion and Order. See Memorandum Opinion and Order at 18 (entered March 30, 2009)(Doc. 174)("MOO"). Specifically, Vondrak had five days from the entry of the Memorandum Opinion and Order to produce written discovery, five days to provide deposition dates for witnesses that will be revealed through that discovery, and three days to set deposition dates for the witnesses for which the Defendants had already requested dates. The accelerated time frame – which the Court imposed in part because of its conclusion that Vondrak did not act in good faith in law or fact to withhold much of the discovery at issue in the motion to compel, see MOO at 1-2 – will ameliorate any prejudice the Defendants might suffer from having to work against the impending trial deadline under less than ideal circumstances. See United States v. Degenhardt, 2009 WL 256393 (10th Cir. 2009)(Slip Copy)("Although it denied [the defendant's] . . . motion to continue, the district court took an important step to ameliorate any potential prejudice to [the defendant] . . . . First, the district court established a deadline for materials it would consider . . . ."). Thus, as long as Vondrak complies with this Court's most recent orders regarding discovery, the Defendants will have time to adequately prepare for the April 13, 2009 trial date.

The Court also denied Vondrak's motion to amend.  <u>See</u> Memorandum Opinion and Order at 1-2, entered March 26, 2009 (Doc. 170).  While the Court agrees with the Defendants' argument that, despite Vondrak's refrain to the contrary, the motion to amend involved new factual allegations, concerns about such new factual allegations and a possible new motion based on qualified immunity are now moot.  The Defendants need not worry about meeting the new claim, because the Court did not allow Vondrak to add it.

In conclusion, on the record before the Court, and assuming the parties comply with their discovery obligations from this point on, the Court sees no sound reason to grant the continuance.  It does not appear that the Defendants will be materially prejudiced as long as they receive the information, consistent with this Court's earlier MOO, in a timely manner and otherwise work diligently to prepare for trial.  If Vondrak delays discovery in contravention of this Court's order, the Defendants may reapproach the Court on this issue.  Otherwise, the Court will deny the continuance.

At the hearing, all parties declined the Court's invitation to stay on the Court's trailing docket for a few days to see how matters developed in other case on the docket.  All counsel urged the Court to give them a firm setting.  The Court complied with the parties' request.  Accordingly, while the Court will not grant the Defendants' opposed motion for a continuance, the Court will grant the parties' joint request for a firm setting, which will effectively give the Defendants the continuance that they request.

**IT IS ORDERED** that the Defendants' Motion for Continuance is denied.  The trial shall proceed as scheduled, which is current set for August 24, 2009 through August 28, 2009.

                                                                     _____
                                                                         UNITED STATES DISTRICT JUDGE

*Counsel:*

Barry J. Byrnes
Las Cruces, New Mexico

    *Attorney for the Plaintiff*

Harry S. Connelly, Jr.
  Deputy City Attorney for the
    City of Las Cruces
Las Cruces, New Mexico

-- and --

William L. Lutz
David P. Lutz
Martin, Lutz, Roggow, Hosford & Eubanks, P.C.
Las Cruces, New Mexico

    *Attorneys for Defendants City of Las Cruces, Cindy McCants,*
      *and Nathan Krause*